LeSUEUR, Judge.
Custom Built Homes, Inc., has appealed a judgment rendered against it for $548.00, plus interest and costs, in favor of Ber-ner’s, Inc. It has also appealed the judgment dismissing its third-party claims against Vincent Sortino, Homeseekers Savings & Loan Association and Robley J. Gelpi, Jr.
Custom Built Homes, Inc. (“Custom”) entered into a contract with Mr. and Mrs. Vincent Sortino to build a home at 4624 Glendale Street, in Metairie. Included in the contract was the furnishing of an air-conditioning system for the house. The house was to be financed through Home-seeks Savings & Loan Association (“Home-seekers”) whose building inspector was Robley J. Gelpi, Jr.
On June 7, 1966, Mr. and Mrs. Vincent Sortino signed a written acceptance for the house and acquired the keys from Custom. A representative of Homeseekers testified that this acceptance was conditioned upon the approval of the building inspector, Mr. Gelpi. Some time subsequent to June 7th, but prior to June 10th, the air-conditioner was discovered to be inoperative and an investigation revealed that the condensing unit containing the compressor was missing from its cement slab in the back yard. After calling the police on June 10th, the Sortinos notified Custom of the loss and *390 attempted to determine how the loss should be rectified. Custom them offered to secure a replacement unit and contacted Ber-ner’s, telling Berner’s that the Sortinos should be billed and that they had insurance to cover the cost. The Sortinos immediately learned that neither they nor Home-seekers had insurance coverage on the house and the Sortinos secured coverage effective June 10th, 1966. Custom’s builders risk insurance had been cancelled effective June 7th.
Because of a letter sent by Custom to Berner’s on June 16th, interpreted by Ber-ner’s as holding them responsible for the loss, Berner’s did not agree to install a second air-conditioning unit until Custom, through its President, Mr. Kraus, agreed to guarantee payment for the unit. The unit was then delivered and installed and an inspection certificate was issued on June 22, 1966 by the Jefferson Parish Department of Safety, Division of Regulatory Inspections, Mechanical Inspection Section.
On June 20th, Custom’s President signed the acceptance previously signed by the Sortinos on June 7th. It was notarized on July 15th, and recorded on July 18th. On July 6th, Mr. Gelpi had filed his report which listed a number of reasons for Home-seekers withholding from Custom the final 10% of the building contract until these discrepancies were corrected. One of the enumerated items was that Custom was to furnish evidence that the air-conditioning equipment had been paid for. This report and its conditions were accepted by Custom through Mr. Kraus on July 11th.
After repeatedly billing the Sortinos and Custom, Berner’s filed suit against Custom on March 3, 1967 for the cost of the second air-conditioning unit because Custom had ordered it and guaranteed payment for the unit. Custom then filed third-party actions against the Sortinos, Homeseekers and Gelpi, claiming that the Sortinos had agreed to pay for the unit after they learned that they did not have insurance to cover the loss, that Homeseekers should have provided coverage, and that Mr. Gelpi had advised the Sortinos that they did not have to pay for the air-conditioning unit, although he was not legally qualified to so advise.
The trial judge found Custom had authorized the installation of the second air-conditioning unit and had guaranteed its payment while the Sortinos had never agreed to pay for a second unit. He rendered judgment in favor of Berner’s against Custom for $548.00, plus interest and costs, and dismissed Custom’s third-party claims against the Sortinos, Homeseekers and Gelpi.
While the record appears to be complicated and confusing, the basic issues involved are relatively simple. Everyone accepts as a fact that Berner’s had installed an air-conditioning condensor and compressor at 4624 Glendale Street prior to June 7th. Sometime between the morning of June 7th and June 10th this unit mysteriously disappeared and everyone assumed that it had ,been stolen. The questions presented by this action are: (1) did Custom obligate itself to Berner’s for a replacement unit; and (2), can Custom require the owners to ultimately bear the costs because Custom acted only as an agent for the owners ?
Custom’s President testified that Joseph Sortino, brother of the owner, Vincent Sortino, contacted them on June 10th and informed them that the compressor was missing and asked what was going to be done about a replacement. Both Joseph and Vincent Sortino are blind and had to rely upon Mrs. Vincent Sortino for information. Mr. and Mrs. Vincent Sortino have been in this country a relatively short time and are not always able to make themselves understood in English and had at times relied upon Joseph Sortino to convey their ideas to Custom. Custom offered to secure another compressor at a discount and have it billed to Vincent Sortino, as both parties were under the impression that the Sortinos had insurance on the *391 house that would cover this loss. Custom claimed that Joseph agreed to this arrangement hut did not call him to testify to that effect. Mrs. Sortino denied that anyone had authorized Custom to secure another compressor and bind them for its payment, although she confirmed the fact that Custom had been informed of the loss and asked what Custom was going to do about replacing it.
We find as did the trial judge in his written reasons that Custom, through its President, authorized the installation of another compressor and guaranteed its payment. The unsubstantiated claim of verbal authorization for the purchase from Joseph Sortino without any proof of his ability to bind Mr. and Mrs. Vincent Sorti-no, especially in light of Mrs. Sortino’s denial that Joseph was so empowered and that he, in fact, did not so authorize Custom, cannot be considered adequate evidence that Custom acted in any behalf other than its own when it ordered the second compressor from Berner’s and guaranteed payment. Custom apparently assumed the position of agent for the Sortinos although there was no agency agreement and there were no indicia of agency that could be relied upon.
When Custom contacted Berner’s about installing the second compressor, Mr. Ber-ner was hesitant to install it and bill the Sortinos. He testified that he wanted some assurance from Custom that he would be paid for the unit and that Custom agreed to guarantee payment. Based on Custom’s guarantee the unit was installed and when payment was not made, Berner’s filed this action against Custom.
Custom argued that suretyship must be expressly stated to be enforced and we agree. We do not find, however, that the home owner engaged Custom to secure the compressor and thus Custom was not guaranteeing the payment of the debt of a third person, but was primarily obligated for the cost of the unit as purchaser. In the present case we have found that the only party liable is Custom and the guarantee of payment given was of their own payment not that of another.
Homeseekers and Gelpi answered the appeal and sought $300.00 each in attorneys’ fees for frivolous appeal. We find no merit in this contention and the attorneys’ fees prayed for are not allowed.
For the foregoing reasons, the judgment of the trial court is affirmed.
Affirmed.